IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIR PERELSHTEIN, *Plaintiff*, v. THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | CASE NO. 1:25-cv-14823 **Judge:** Honorable Jorge L. Alonso **Magistrate Judge:** Beth W. Jantz |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Without waving their jurisdictional defenses under Rule 12(b), Defendants ANDUNSHOP (Def. No. 133), yanchushop (Def. No. 134) (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit their Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction. [Dkt. No. 26].

**INTRODUCTION**

Contrary to Plaintiff's claim, a preliminary injunction against Defendants is neither necessary nor appropriate in the present case.

***First***, the current restrained amount is grossly disproportionate to any profits potentially subject to equitable relief.

Since the Exhibits of Plaintiff's submission of Infringing Evidence [Dkt. No. 13] are under seal, Defendants have conducted a reasonable search of sales records based on evidence

1

provided by Plaintiff, which is presumed to be identical to the sealed Exhibits. Attached as **Exhibit 1**. Based on the evidence provided (*see* **Exhibit 1**), Plaintiff identifies the allegedly infringing products sold by Defendants as "*XIANXIAN Shark Stickers Pack - Cute Shark Decals for Kids Teens Students Waterproof Sticker Luggage Guitar Notebook DIY Sticker Decoration*" with a corresponding Walmart Product ID Number 9684468818 and "*CCOCC 50 Pcs Cute Stickers, Unique Shark Design Funny Stickers, Removable Stickers Long-Lasting Laptop Stickers*" with a corresponding Walmart Product ID Number 15215608253.

Following a diligent search, Defendants confirm that they have "never sold or shipped any accused product to Illinois." Defendants only made minimal sales of the Accused Products. [See Decl. of Jie Xie, attached as **Exhibit 2**, at ¶5; Decl. of Xinhao Li, attached as **Exhibit 3**, at ¶5].

The Supreme Court and the Seventh Circuit have made clear that prejudgment asset restraints may not extend to general funds unconnected to the alleged misconduct. Yet Plaintiff seeks to freeze the entirety of Defendant' funds, despite Defendants' negligible sales of the accused products. This overreach improperly seizes funds unrelated to the alleged infringement and imposes an unjust burden on Defendants.

*Second*, Plaintiff cannot show irreparable harm. The accused product listings have been removed. With no ongoing business operations and no continuing availability of the allegedly infringing products, there is no imminent harm to enjoin.

### PROCEDURAL BACKGROUND

On December 8, 2025, Plaintiff filed its Complaint against numerous defendants, including Defendants, for copyright infringement. [Dkt. No. 1].

On December 9, 2025, Plaintiff filed an *ex parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, Expedited

Discovery, and Service of Process by Email and/or Electronic Publication. [Dkt. No. 11]. The Court granted the motion on December 15, 2025. [Dkt. No. 19].

On December 23, 2025, Plaintiff filed a Motion for entry of a preliminary injunction. [Dkt. No. 26].

## LEGAL STANDARDS

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–312 (1982)).

The first two factors are the "most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). If both are present, a court then balances all four factors. *Id*. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quoting *Amoco Production Co.*, 480 U.S., at 542).

## ARGUMENT

**A. The restrained amount far exceeds any profits potentially subject to equitable relief**

The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking <u>equitable monetary relief</u>. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999).

3

"[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) *equitable relief*." *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024) (quoting *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13-cv-07621, 2013 U.S. Dist. LEXIS 205985, at *2 (N.D. Ill. Oct. 31, 2013)). Thus, "if the amount of the profits is known, then the asset freeze should apply only to that specific amount, and no more." *Id*.

"Schedule A plaintiffs typically don't request and receive equitable monetary relief," and "Schedule A plaintiffs ask district courts to unfreeze the [restrained] money and award statutory damages, not equitable relief." *Zorro Prods., Inc. v. Individuals*, No. 23-cv-5761, 2023 U.S. Dist. LEXIS 226550, at *10 (N.D. Ill. Dec. 20, 2023).

Here, Defendants made minimal sales of the Accused Products. (*See* table below and Exhibit 2, 3). By contrast, Plaintiff has demanded an asset freeze that restrains all funds in Defendants' accounts despite no showing that such a sweeping freeze is necessary to secure the limited equitable remedy Plaintiff purports to seek under 17 U.S.C.§504(b). This overreach runs counter to well-established precedent limiting prejudgment restraints to amounts reasonably necessary to cover potential equitable relief.

Each Defendant's sales of the alleged infringing products, and the corresponding restrained amounts, are summarized in the table below.

| Defendants | Units Sold | Revenue | Amount Frozen |
|---|---|---|---|
| ANDUNSHOP | 2 | $15.94 | $3,723.34 |
| yanchushop | 6 | $35.58 | $22,870.75 |

Since Defendants' profits from the alleged infringement are minimal, restraining significantly greater amounts is disproportionate and imposes an unfair burden on Defendants. The practical effect of Plaintiff's request is a *de facto* seizure of Defendants' entire business

revenue —even though most of these frozen funds have no nexus to the alleged infringement.

Defendants acknowledge that the searches were conducted based on the specific allegations and the items identified in Plaintiff's submissions. If Plaintiff later alleges that Defendants sold additional accused products not presently identified, Defendants will undertake supplemental searches to determine whether any such sales occurred. On the current record, however, there is no evidence that Defendants sold or shipped the accused products into Illinois.

Under these circumstances, no basis exists for freezing amounts that far exceed any plausible equitable accounting of profit.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction, and specifically the asset restraint.

Defendants affirm that they will not sell or otherwise offer any of the products alleged by Plaintiff to be infringing during the pendency of this litigation. Accordingly, there is no threat of ongoing or imminent harm justifying injunctive relief, and the requested extraordinary relief should be denied.

January 5, 2026,
                                                         Respectfully submitted,
/s/ *He Cheng*
He Cheng
Palmer Law Group P.A.
110 East Broward Blvd, Suite 1700
Fort Lauderdale, FL 33301
Tel: +1 (917) 525-1495
Email: rcheng@palmerlawgroup.com
***Attorney for Defendants***