IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Case No.: 1:25-cv-14823

NIR PERELSHTEIN,

Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

Defendants.

_____/

**DEFENDANT SINCCO'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(b)(6)**

Defendant SINCCO (identified as Defendant No. 040 on Schedule A to the Complaint), by and through its undersigned counsel, hereby moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this Motion, SINCCO states as follows:

**I. INTRODUCTION**

Plaintiff Nir Perelshtein alleges copyright infringement under 17 U.S.C. § 101 et seq., based on United States Copyright Registration No. VA 2-453-777, covering a 2-D artwork titled "Kawaii Shark." The Complaint asserts that Defendants, including SINCCO, sell products bearing infringing versions of this copyrighted work through online stores.

1

The Complaint fails to state a plausible claim against SINCCO because the exhibit attached to the Complaint depicting SINCCO's accused product (Exhibit to Complaint, labeled "040 Sincco") shows a design that is not substantially similar to the protected expression in Plaintiff's registered work. The accused SINCCO product — a small enamel pin in a bulk set of assorted cute designs — depicts a generic kawaii-style shark that shares only unprotectible elements with Plaintiff's work, such as the general idea of a cute shark and common stylistic features of the kawaii genre.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. To survive dismissal, a complaint must allege facts that plausibly state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

For copyright infringement, a plaintiff must plausibly allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second element requires substantial similarity between the accused work and the protectible expression in the plaintiff's work. Courts routinely resolve substantial similarity at the motion-to-dismiss stage when the works are incorporated into or attached to the complaint, as no reasonable jury could find the works substantially similar. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

Copyright law protects only original expression, not ideas, concepts, or common elements (scènes à faire). 17 U.S.C. § 102(b).. In visual arts, generic styles, poses, and stock features are unprotectible.

### III. ARGUMENT

The Complaint incorporates the copyrighted work (Exhibit 1, Registration VA 2-453-777) and the accused SINCCO product (depicted in the exhibit labeled "040 Sincco"). Comparison of these works shows no substantial similarity in protectible expression.

Plaintiff's "Kawaii Shark" is a side-view illustration of a cartoon shark with large eyes, a rounded body, dorsal fin, gill slits, and a smiling mouth with teeth. These features, however, are standard in the kawaii genre and unprotectible:

- The idea of a "cute shark" is unprotectible.
- Common kawaii elements (large sparkling eyes, chubby proportions, playful expression) are scènes à faire in this style.
- Basic shark anatomy (fins, gills, teeth) merges with fact and is unprotectible.

The SINCCO accused product is one small pin in a bulk assorted set of various cute enamel pins (e.g., cats, cupcakes, mushrooms, etc.). The specific shark pin highlighted features a similar generic kawaii shark but differs in key expressive details: shape of the body, eye

3

placement and style, fin proportions, mouth curvature, and overall arrangement. Any similarities are limited to unprotectible ideas and stock elements.

No ordinary observer could conclude that SINCCO copied protected expression from Plaintiff's work. *See Rentmeester v. Nike*, , 883 F.3d 1111, 1123 (9th Cir. 2018) (dismissing where similarities were conceptual). The genre of kawaii sharks is populated with countless independent creations sharing these basic traits, confirming that SINCCO's design is not substantially similar.

Because the Complaint and its exhibits demonstrate on their face that no infringement occurred, Plaintiff fails to state a plausible claim.

## IV. CONCLUSION

For the foregoing reasons, Defendant SINCCO respectfully requests that the Court dismiss the Complaint against it with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: January 8, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N LaSalle St, Ste 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: jamesliuclaw@gmail.com
Counsel for Defendants SINCCO

4

**CERTIFICATE OF SERVICE**

    I certify that on January 7, 2026, a true copy of the foregoing was served via CM/ECF on all counsel of record and via email/international mail on known parties.

    /s/ Jianyin Liu